| | |
|---|---|
| Lynn Hamilton Butler, Esq. | Ogonna M. Brown, Esq. |
| TX Bar #03527350 | Nevada Bar No. 7589 |
| lynn.butler@huschblackwell.com | obrown@lewisroca.com |
| HUSCH BLACKWELL, L.L.P. | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| 111 Congress Avenue, Suite 1400 | 3993 Howard Hughes Parkway, Suite 600 |
| Austin, Texas 78701 | Las Vegas, Nevada 89169 |
| Tel.: (512) 479-9758 | Tel.: (702) 949-8200 |
| Fax: (512) 226-7318 | Fax: (702) 949-8200 |
| Admitted *Pro Hac Vice* | |
| | *Local Attorneys for Montana* |
| *Attorneys for Montana Department of Revenue* | *Department of Revenue* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

TIMOTHY L. BLIXSETH,

    Alleged Debtor.

---

TIMOTHY L. BLIXSETH,

    Plaintiff,

v

MONTANA DEPARTMENT OF REVENUE,

    Defendant.

Case No.: BK-S-11-15010-MKN

Chapter 7

Adversary Proceeding No.: 21-01274-MKN

**MONTANA DEPARTMENT OF REVENUE'S MOTION TO DISMISS ADVERSARY PROCEEDING**

Hearing date: March 9, 2022
Hearing Time: 9:30 a.m.
Estimated Time for hearing: 15 Minutes

**Judge: Hon. Mike K. Nakagawa**

    The Montana Department of Revenue ("Montana"), by and through its counsel, Lynn Hamilton Butler, of the law firm of Husch Blackwell, L.L.P., and local counsel, Ogonna M. Brown, Esq. of the law firm of Lewis Roca, hereby brings this Motion to Dismiss Adversary Proceeding based upon this Court's lack of personal jurisdiction pursuant to the Eleventh Amendment to the Constitution, U.S. Const. Amend. XI and Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1]

---

[1] In this Motion, all references to "ECF No." are to the numbers assigned to the documents filed in the bankruptcy case as they appear on the case docket maintained by the Clerk of the Court, and all references to "Adv. ECF" are to the numbers assigned to the documents filed in this adversary proceeding on the adversary proceeding docket maintained by the Clerk of the Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. § 101, et seq. All textual references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

This Motion is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument this Court may entertain regarding the Motion.

**MEMORANDUM OF POINTS AND AUTHOIRITIES**

**I.
INTRODUCTION**

As an arm of the State of Montana, the Montana Department of Revenue moves to dismiss this adversary proceeding because this Court lacks personal jurisdiction pursuant to the Eleventh Amendment to the Constitution, U.S. Const. Amend. XI and Rule 12(b)(2) of the Federal Rules of Civil Procedure. Although Montana made a limited waiver of immunity in Bankruptcy Case No. BK-S-11-15010-MKN (the "Bankruptcy Case") by participating as a petitioning creditor, Montana has not consented to the jurisdiction of this Court in this adversary proceeding or any other proceeding under Bankruptcy Code § 303(i). Nothing herein should be construed as a waiver of Montana's immunity or other defenses.

**II.
STATEMENT OF RELEVANT FACTS**

1. On April 5, 2011 ("Petition Date"), Montana, joined by the Idaho State Tax Commission ("Idaho") and the California Franchise Tax Board ("California"), filed an involuntary Chapter 7 petition ("Involuntary Petition") against Timothy L. Blixseth, the alleged Debtor ("Blixseth"), commencing the Bankruptcy Case.[2] (ECF No. 1).

2. On June 3, 2021, the Court entered its Order on Motion Confirming Dismissal of Involuntary Petition, or, in the Alternative, Motion to Dismiss Involuntary Petition for Want of Prosecution Pursuant to 11 U.S.C. 303(j), which dismissed the Involuntary Petition. (ECF No. 828).

---

All textual references to "Civil Rule" are to the Federal Rules of Civil Procedure. All references to "FRE" are to the Federal Rules of Evidence.

[2] Pursuant to FRE 201(b), Montana requests that this Court take judicial notice of all materials appearing on the docket in the above-captioned case and adversary proceeding as well as the publicly filed documents referenced in those materials. *See U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.)*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

2

3.     On June 21, 2021, the Bankruptcy Case was closed.

4.     On December 23, 2021, Blixseth commenced the above-captioned adversary proceeding. (Adv. ECF No. 1).

### III.
### LEGAL ARGUMENT

**A.     The Court should dismiss this proceeding because the State of Montana is immune from suit under the doctrine of sovereign immunity and the Eleventh Amendment, and the State has not waived its immunity.**

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

The Eleventh Amendment precludes suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440 (2004). Thus, "agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Dittman v. California,* 191 F.3d 1020, 1025 (9th Cir.1999).

The Montana Department of Revenue is an executive agency of the sovereign State of Montana. *See* Mont. Code Ann. § 2-15-1301 (establishing a department of revenue); *see also* Mont. Const. art. VIII, part 8 (establishing the State's authority to tax); Mont. Code Ann. §§ 15-2-201, *et seq.* (delegating administration of this authority to the Department); *Wood v. Mont. Dept. of Revenue*, 826 F. Supp. 2d 1232 (D. Mont. 2011) (dismissing a wrongful discharge claim because the Department did not waive its sovereign immunity in state court or when it removed the case from state to federal court).

Montana has not participated in this adversary proceeding save for this Motion to Dismiss. Montana has made no general appearance in this adversary proceeding nor asserted any

claim in the adversary proceeding. As detailed below, Montana has not waived its sovereign immunity in this adversary proceeding, nor is this a case within the Court's *in rem* bankruptcy jurisdiction. The Court should dismiss this adversary proceeding against the Montana Department of Revenue.

**B. Montana's Eleventh Amendment immunity remains intact because this adversary proceeding is not within the Court's *in rem* bankruptcy jurisdiction.**

"Although the text of the Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts," *Seminole Tribe v. Florida,* 517 U.S. 44, 54 (1996), the Eleventh Amendment "stand[s] not so much for what it says, but for the presupposition...which it confirms." *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 72-73 (2000). "That presupposition...has two parts: first, that each State is a sovereign entity in our federal system; and second, that ' "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." ' " *Seminole Tribe,* 517 U.S. at 54 (quoting *Hans v. Louisiana,* 134 U.S. 1, 13 (1890) (quoting *The Federalist* No. 81, at 487 (Alexander Hamilton) (Clinton Rossiter ed., 1961)). The Supreme Court explained, "the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment." *Alden v. Maine,* 527 U.S. 706, 713 (1999).

The Supreme Court's decisions in *Central Virginia Community College v. Katz*, 546 U.S. 356, 362 (2006), and *Hood* do not preclude an assertion of Eleventh Amendment immunity in this context. As the Court held in *Hood*, bankruptcy jurisdiction is principally *in rem* jurisdiction. *See Hood*, 541 U.S. at 447. In bankruptcy, "the court's jurisdiction is premised on the debtor and his estate, and not on the creditors." *Hood*, 541 U.S. at 447. The *Katz* court determined that the States gave limited consent to jurisdiction exercised in bankruptcy proceedings, which are chiefly *in rem*. "The States acquiesced in a subordination of whatever sovereign immunity they might otherwise have asserted in proceedings necessary to effectuate the *in rem* jurisdiction of

4

the bankruptcy courts." *Katz*, 546 U.S. at 377. However, in *Katz*, the Court was careful to note that not "every law labelled a 'bankruptcy law' could . . . properly impinge upon state sovereign immunity." 546 U.S. at 378 n.15. To emphasize this point, *Katz* identified three core bankruptcy *in rem* functions:

    A.    The "exercise of exclusive jurisdiction over all of the debtor's property";

    B.    The "equitable distribution of that property among the debtor's creditors"; and

    C.    The "ultimate discharge that gives the debtor a 'fresh start.'"

*Id*. at 363-64.

None of these functions exist in the current § 303(i) adversary proceeding. There is no bankruptcy estate or *res* to support the jurisdiction of this Court. Consequently, Montana's Eleventh Amendment immunity remains intact and prevents this Court from exercising jurisdiction over the State. Since the Plaintiff's requested relief is not within the core bankruptcy *in rem* functions, this Court should dismiss the adversary proceeding against Montana, as Montana has sovereign immunity.

**C.    Montana is protected by sovereign immunity in this adversary proceeding because this proceeding is distinct and separate from Montana's tax claim.**

While Montana recognizes that its Eleventh Amendment immunity is not absolute and can be waived, Montana has not waived its immunity as to the claims brought by Blixseth in the current adversary proceeding. States retain the right to waive their sovereign immunity, and "a State may waive its sovereign immunity by consenting to suit." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999). Waiver will generally exist where the State either voluntarily invokes jurisdiction or makes a clear declaration that it intends to submit itself to jurisdiction. *Id.* at 675–76. "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, [a federal court] will find waiver only where stated 'by the most express language or by such overwhelming implications from the text

as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974).

While Montana participated in the in the Bankruptcy Case as a petitioning creditor, that participation and any actions taken in that proceeding fail to amount to consent to the jurisdiction of this Court in this adversary proceeding or any proceeding under Bankruptcy Code § 303(i). The basis for Montana's participation in the Bankruptcy Case was in its capacity as a creditor asserting a claim in the amount of $219,258 against Mr. Blixseth for unpaid taxes. In this adversary proceeding, Mr. Blixseth attempts to assert affirmative claims against Montana under Bankruptcy Code § 303(i), a proceeding distinct and separate from the prior § 303(b) proceeding. Mr. Blixseth's claims in this adversary proceeding against Montana do not rise out of Montana's tax claim nor do his claims bear a logical relationship to Montana's tax claim.

Moreover, Mr. Blixseth's § 303(i) claim cannot be considered a compulsory counterclaim to Montana's tax claim. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 380 (1994); *Montana v. Goldin* (*In re Pegasus Gold Corporation)*, 394 F.3d 1189 (9th Cir. 2005); *In re Lazar*, 237 F.3d 967, 979 (9th Cir. 2001); *see also In re Creative Goldsmiths,* 119 F.3d 1140, 1149 (4th Cir.1997) (action to avoid payment of corporate income taxes does not arise out of same transaction or occurrence as state's proof of claim for sales and withholding taxes simply because both involve taxes). This conclusion follows well-settled law that by filing suit as a plaintiff in federal court, a state waives its immunity and Eleventh Amendment protection with respect to a counterclaim arising out of the same event which is the subject of the state's claim. *Gunter v. American Coastline R. R. Co.*, 200 U.S. 273, 284 (1906); 3 *Moore's Federal Practice*, P 13.19(2) (2d Ed. 1974). This type of waiver, however, is limited to a counterclaim asserted defensively in recoupment, for the purpose of defeating or diminishing a state's recovery, but not to a counterclaim asserted for the purpose of obtaining an affirmative judgment. *Fort Fetterman*

*v. South Carolina State Hwy. Dept.*, 261 F.2d 563, 569 (4th Cir. 1958). As one court stated,

> [f]iling suit as a plaintiff constitutes a waiver of Eleventh Amendment immunity ... with respect to any counterclaim asserted by a defendant which arises out of the same event underlying the State's claim and which is asserted defensively in recoupment for the purpose of diminishing the State's recovery. This implied waiver does not extend to any counterclaim unrelated to the State's claim or asserted for the purpose of obtaining an affirmative judgment against the State.

*United States v. Mottolo*, 605 F. Supp. 898, 910 (D.N.H.1985); *see also U.S. v. Iron Mountain Mines, Inc.*, 952 F. Supp. 673, 676 (E.D. Cal. 1996).

Further, under Bankruptcy Code § 303, a § 303(i) proceeding necessarily requires the dismissal of a prior § 303(b) action to even exist, further highlighting the separateness of these proceedings. Consequently, the subject matter of this adversary proceeding cannot logically be a compulsory counterclaim against the taxes asserted by Montana in the Involuntary Petition. *See analysis in Lazar*, 237 F.3d at 979. Mr. Blixseth, in this adversary proceeding, seeks no relief as to the tax claim asserted against him by Montana in the Bankruptcy Case, but rather seeks damages for the dismissal of the Involuntary Petition. *See Pegasus*, 394 F.3d at 1195-97. Since Mr. Blixseth's claims are distinct and separate from Montana's tax claim, the Court should find that Montana has sovereign immunity and dismiss this adversary proceeding.

**D.    Montana's participation in the Bankruptcy Case does not waive its sovereign immunity in this separate adversary proceeding.**

Finally, any limited waiver that occurred by Montana's participation in the § 303(b) proceeding cannot be modified, altered or extended through the filing of the current adversary proceeding. *In re White,* 139 F.3d 1268, 1273 (9th Cir. 1998) (analogous sovereign Indian tribe case).

In *Gardner v. New Jersey,* 329 U.S. 565 (1947), the Supreme Court addressed the impact that asserting a claim in a bankruptcy proceeding has on a State's assertion of Eleventh Amendment immunity. The Court held:

7

> It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure. If the claimant is a State, the procedure of proof and allowance is not transmitted into a suit against the State because the court entertains objections to the claim. The State is seeking something from the debtor. No judgment is sought against the State.... When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim.

*Id.* at 573-74.

Additionally, in *Lazar*, the Ninth Circuit narrowly expanded the *Gardner* rule when it held that "when a state files a proof of claim in a bankruptcy proceeding, the state waives its sovereign immunity in regard to the debtor's claims which arise out of the same transaction or occurrence as the state's proof of claim." *Lazar*, 237 F.3d at 977 (quoting *California Franchise Tax Board v. Jason* (*In re Jackson*), 184 F.3d 1046 (9th Cir. 1999) (citation omitted). To determine whether a claim against Montana arises out of the same transaction or occurrence, the Ninth Circuit applies the following "logical relationship test":

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as to the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.

*Id.* at 978.

In *Pegasus,* 394 F.3d 1189 (9th Cir. 2005), the Ninth Circuit was tasked with determining whether an adversary proceeding filed against Montana post-confirmation arose out of the "same transaction or occurrence" as the state's earlier proof of claim and therefore should have been dismissed. While the Ninth Circuit agreed with the bankruptcy court in regard to it having subject matter jurisdiction, as the contested matter may involve the interpretation and implementation of a confirmed bankruptcy plan, it ultimately found all the claims against the state should be dismissed because the claims did not arise out of the "same transaction or occurrence" as the State's original proofs of claims. *Id.* at 1198. The Court applied the logical relationship test and found that

"because Debtors could not have asserted any type of counterclaim against the State at the time it filed its proofs of claims", the facts in *Pegasus* could be distinguished from *Lazar*. *Id.* at 1196. The Court concluded that the State did not knowingly waive its immunity for the adversary proceeding because "the rationale underlying proof of claim waiver of immunity also presupposes that the state will be able to determine *ex ante* whether it will be opening itself up to a counterclaim by electing to participate in the bankruptcy estate." *Id*. Thus, while the State had clearly waived its sovereign immunity in the earlier proceeding, the debtor could not use that proceeding as a mechanism to expand the State's waiver to encompass a subsequent action. *Id*. at 1198.

In the involuntary proceeding, Montana asserted a claim for state income taxes arising from activities made the subject of the tax audit. In the current adversary proceeding, Blixseth alleges claims arising from the dismissal of the involuntary proceeding. No logical relationship exists between the aggregate set of operative facts giving rise to Montana's tax claim and those facts giving rise to Blixseth's claims in the current adversary proceeding such that, under applicable Ninth Circuit law, no waiver is present for this proceeding.

In sum, Mr. Blixseth asserts no authority for the basis of his requested relief save for Bankruptcy Code § 303(i). However, neither Bankruptcy Code § 303(i) nor the Bankruptcy Code itself abrogates Montana's Eleventh Amendment immunity protection under current Supreme Court decisions in that the adversary proceeding does not present to the Court a case within its *in rem* bankruptcy jurisdiction. *See Katz*, 546 U.S. at 362, and *Hood*, 541 U.S. at 448. Without some authority by which the Court may exert jurisdiction over Montana in the face of the Eleventh Amendment, Mr. Blixseth's adversary proceeding should be dismissed.

Montana's Eleventh Amendment Immunity also applies to Mr. Blixseth's allegations against Montana under Federal Rule of Bankruptcy Procedure 9011(b)-(c). Montana has not consented to the jurisdiction of this Court for any issues or claims raised in the adversary

proceeding, including those under Bankruptcy Rule 9011(b)-(c) and whether Mr. Blixseth is barred from bringing any action under Bankruptcy Rule 9011 by failing to comply with the mandatory procedural prerequisite in Bankruptcy Rule 9011(c)[3]. Since the allegations target only Montana, no further response is needed unless and this Court determines it has jurisdiction over Montana in this adversary proceeding. Montana reserves any arguments as to immunities applicable to its counsel until such time.

## IV.
### RESERVATION OF RIGHTS

Without waiving its Eleventh Amendment immunity right to further brief these issues as appropriate, Montana hereby reserves its rights to further object to Mr. Blixseth's current litigation based on additional grounds, including the lack of subject matter jurisdiction and any other defenses allowed under the rules of procedure.

## V.
### CONCLUSION

For the foregoing reasons, Montana respectfully asks the Court to dismiss this adversary proceeding.

Respectfully submitted this 25th day of January, 2022.

*/s/ Ogonna M. Brown*
Ogonna M. Brown, Esq.
LEWIS ROCA
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
*Local Attorneys for Montana Department of Revenue*

*/s/ Lynn Hamilton Butler*
Lynn Hamilton Butler (Admitted *Pro Hac Vice*)
HUSCH BLACKWELL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
*Attorneys for Montana Department of Revenue*

---

[3] *See Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 586 (5th Cir. 2008) (citing a number of cases decided under Rule 11 that reached the same conclusion, including *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001).

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 25th day of January, 2022, I caused to be served a true and correct copy of **MONTANA DEPARTMENT OF REVENUE'S MOTION TO DISMISS ADVERSARY PROCEEDING** in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ Nicole Lord
An employee of Lewis Roca Rothgerber Christie LLP